ADAM J. THURSTON (SBN 162636)
adam.thurston@dbr.com
DRINKER BIDDLE & REATH LLP
1800 Century Park East
Suite 1500
Los Angeles, CA  90067-1517
Telephone:   (310) 203-4000
Facsimile:    (310) 229-1285

DARREN S. CAHR (pending *pro hac vice* application)
darren.cahr@dbr.com
DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive
Suite 3700
Chicago, IL  60606-1698
Telephone:   (312) 569-1000
Facsimile:    (312) 569-3000

Attorneys for Plaintiff
GULLO ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GULLO ENTERPRISES, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>BUFFALO ARMS TRADING LLC, a California limited liability company,<br><br>Defendant. | Case No. 2:15-cv-01301<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION<br><br>JURY DEMAND |

Plaintiff Gullo Enterprises, Inc., by and through its undersigned counsel, for its Complaint against Buffalo Arms Trading, alleges as follows:

### THE PARTIES

1.     Plaintiff Gullo Enterprises is an Idaho corporation that operates under the name Buffalo Arms Co. ("Buffalo Arms") with its principal place of business at 660 Vermeer Court, Ponderay, Idaho  83852.

1    2.    Upon information and belief, Defendant Buffalo Arms Trading LLC is a

2 California limited liability company ("Buffalo Arms Trading") with its principal

3 place of business at 3349 Shenandoah Ave., Simi Valley, California 93063.

4 <center>**JURISDICTION AND VENUE**</center>

5    3.    This Court has jurisdiction over this action because this is a civil action

6 brought under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1127,

7 jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§

8 1331 and 1338(a). This Court has supplemental jurisdiction over the related state

9 and common law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a) as

10 these claims are pendent, substantial and related claims as to form part of the same

11 case and controversy.

12    4.    Venue is proper in this district under 28 U.S.C. § 1391 because a

13 substantial part of the events giving rise to this claim arose in the Central District of

14 California and a substantial amount of the property that is the subject of this action

15 is situated in the Central District of California.

16    5.    This Court has personal jurisdiction over Buffalo Arms Trading as it

17 resides in this judicial district, advertises and sells product in this judicial district

18 and elsewhere in the State of California, and has committed the wrongful acts

19 complained of herein within the State of California.

20 <center>**FACTS**</center>

21 <center>*Buffalo Arms Co.*</center>

22    6.    Buffalo Arms is a family owned company that provides all the supplies,

23 accessories and products necessary for black powder firearms. Black powder

24 firearms are used by shooting professionals, hobbyists and enthusiasts who prefer

25 them for their historical significance and nostalgic appeal.

26    7.    Buffalo Arms was founded in the spring of 1990 by Dave Gullo, in his

27 home. Buffalo Arms was initially created with a focus on black powder cartridge

28 firearms, and over the years has expanded to include black powder muzzleloading

1   firearms and historic World War II era firearms and related accessories.

2        8.      Since its inception, Buffalo Arms has expanded from one employee to a

3   significant operation with nationwide prominence and recognition in the firearms

4   industry.  In the past year, Buffalo Arms had sales in excess of three million dollars

5   ($3,000,000).  Buffalo Arms provides a wide array of products and accessories and

6   services a wide range of customers:  from the individual starting out with black

7   powder firearms all the way up to professional shooters.  Buffalo Arms has spent

8   over $1,000,000 advertising its products and services, and as a result has established

9   substantial goodwill and name recognition for its brand among relevant consumers.

10        9.      Buffalo Arms customers seek out Buffalo Arms products, and purchase

11  from Buffalo Arms, because it specializes in old and collectable firearms.

12        10.     Buffalo Arms is renowned for its product quality and customer service.

13  Buffalo Arms also has a presence at many top tier shooting competitions, and is

14  recognized by consumers and held in the highest regard for its products and

15  services.

16        11.     A wide variety of products are sold on the Buffalo Arms website,

17  www.bufffaloarms.com, including ammunition, bullet casting molds and supplies,

18  firearms, clothing, muzzleloading supplies, and books, among many others.  Buffalo

19  Arms offers over 11,000 different products to its consumers.  Buffalo Arms also

20  publishes an extensive, 200 plus page catalog that is distributed nationwide.  Buffalo

21  Arms receives orders from customers all over the United States.

22        12.     The BUFFALO ARMS trademark is highly-regarded in the firearm

23  industry, and through its almost twenty-five years of continuous use, Buffalo Arms

24  has developed significant goodwill and recognition in its name and products.

25        13.     Buffalo Arms has used the BUFFALO ARMS, BUFFALO ARMS CO. and

26  BUFFALO ARMS CO. Logo trademarks in commerce in connection with its

27  firearms products and services since 1990 (the "Common Law Marks").  As a result

28  of this long-standing use in association with its high-quality products and services,

1  consumers have come to associate Buffalo Arms' professional services and

2  products with the BUFFALO ARMS, BUFFALO ARMS CO. and BUFFALO

3  ARMS CO. Logo trademarks.  The Common Law Marks are listed on the attached

4  Exhibit A.

5      14.    In recognition of the goodwill built up by Buffalo Arms as a high-quality

6  provider of firearms products and accessories, the United States Patent and

7  Trademark Office granted trademark registration number 2,348,765 – BUFFALO

8  ARMS CO. to Buffalo Arms for use in connection with mail order catalog services

9  featuring firearms and parts and accessories thereof and publications and videos (the

10 "Registered Mark," collectively with the Common Law Marks, the "Marks").  A

11 copy of the certificate of registration for the Registered Mark is attached as Exhibit

12 B.

13     15.    The BUFFALO ARMS CO. trademark is valid and subsisting, and has

14 been incontestable since June 28, 2006.

15                    *Buffalo Arms Trading Co.*

16     16.    On information and belief, Buffalo Arms Trading is an online firearm

17 dealer that was founded in 2012 and operates under the name Buffalo Arms Trading

18 LLC.  Buffalo Arms Trading sells military style upper receiver groups, which

19 essentially are the barrel and bolt portions of military style rifles available for

20 civilian purchase.

21     17.    On information and belief, Buffalo Arms Trading does not appear to have

22 any brick and mortar stores, and until recently operated out of its website

23 www.buffaloarmstrading.com. (which appears to have been temporarily

24 deactivated).  Today, on information and belief, Buffalo Arms Trading focuses its

25 commercial efforts on a Facebook page

26 (https://www.facebook.com/BuffaloArmsTrading/timeline?ref=page_internal), an

27 Instagram site (http://instagram.com/buffaloarmstrading), a YouTube channel

28 (https://www.youtube.com/channel/UCqn1P1mkiIZyYylacnARyng), and selling

promotional gear online (http://teespring.com/BuffaloArmsTrading).  It appears that consumers order products from Buffalo Arms Trading through these social media platforms, via email or over the telephone.  Printouts of Buffalo Arms Trading's web page and social media pages are attached as Exhibit C.

18.   Buffalo Arms Trading's company name, website and social media pages represent blatant attempts to misappropriate Buffalo Arms goodwill in the firearm industry.  Buffalo Arms Trading's company name is "Buffalo Arms Trading LLC," which is virtually identical to Buffalo Arms' company name of "Buffalo Arms Co." The copying of the BUFFALO ARMS name is done to trick consumers into believing that Buffalo Arms Trading is somehow associated with Buffalo Arms and its well-known and well respected products and services.  Buffalo Arms Trading's website address www.buffaloarmstrading.com also copies Buffalo Arms' valuable BUFFALO ARMS trademark.

19.   The only difference between the Buffalo Arms company name and Buffalo Arms Trading's company name (aside for the corporate designation of Co. or LLC) is the additional term "trading" in Buffalo Arms Trading's name.  However, the addition of the descriptive term "trading" does nothing to differentiate the names or change the commercial impression.  Consumers would see the name "Buffalo Arms" and "Buffalo Arms Trading" and think that both of the companies are related, or are the same entity.

20.   Buffalo Arms Trading also uses a buffalo image in connection with its name, further mimicking the Buffalo Arms logo as shown below:

| **Buffalo Arms Logo** | **Buffalo Arms Trading Logo** |
|---|---|
|  |  |

21.   Buffalo Arms Trading knowingly uses and misappropriates the Buffalo Arms Marks to deceptively give consumers the impression that Buffalo Arms Trading is somehow associated with Buffalo Arms or an authorized retailer of Buffalo Arms products, neither of which are true.  Buffalo Arms Trading has taken these steps to induce consumers to rely upon these false representations so that consumers will purchase products from Buffalo Arms Trading.  Buffalo Arms Trading's use of the Buffalo Arms Marks demonstrates its blatant attempt to take advantage of, and trade upon, the significant goodwill developed in the Marks by Buffalo Arms, particularly in the firearm industry.

22.   Consumers who visited Buffalo Arms Trading's www.buffaloarmstrading.com web site or visit its social media pages may believe that these sites are operated or authorized by, or affiliated with, Buffalo Arms. Consumers may then rely upon this inducement and deception when purchasing products from Buffalo Arms Trading.

23.   Consumers have already been confused by Buffalo Arms Trading's unauthorized and deceitful acts.  Buffalo Arms has had customers confuse it with Buffalo Arms Trading, and when confronted by Buffalo Arms regarding its infringing behavior, Buffalo Arms Trading has admitted that at least two customers had contacted Buffalo Arms Trading while mistakenly seeking Buffalo Arms.

24.   The false association of Buffalo Arms with Buffalo Arms Trading is harmful and damaging to Buffalo Arms.  Buffalo Arms is widely recognized for its high quality historical and black powder firearm products and attentive and helpful customer service.  Buffalo Arms customers appreciate Buffalo Arms because it caters to the specific niche field of old and obsolete firearms and accessories.  Many Buffalo Arms customers prefer Buffalo Arms because it trades primarily in these old firearms as opposed to new, military style firearms.  Customers who view Buffalo Arms Trading's products and website thinking that it is affiliated with Buffalo Arms will believe that in focusing on these modern military style firearms Buffalo Arms is

1    abandoning its historical customer base.

2        25.    Buffalo Arms Trading is also harming Buffalo Arms and its reputation

3    through its Facebook and social media accounts.  Buffalo Arms provides firearms

4    and firearm accessories to individuals who want to replicate old-school firearms or

5    shoot competitively.  Buffalo Arms strives to be a responsible and friendly

6    company, both to firearm enthusiasts and history buffs who may merely be

7    interested in firearms for their historical relevance.  Buffalo Arms recognizes that

8    firearms can be a sensitive issue and instead of excluding individuals who feel one

9    way or the other about firearms, Buffalo Arms attempts to be inclusive.  A simple

10   review of Buffalo Arms Trading's Facebook page and its posts immediately shows

11   that Buffalo Arms Trading does not take such an inclusive, friendly approach to gun

12   ownership.  A sampling of posts from Buffalo Arms Trading's Facebook page are

13   below:

14

15    This is a post from January 7, 2015:

16



28

1

This is a post from December 2, 2014:

2

3

4



5

6

7

8

9

10

11

12

13

14

This is a post from October 30, 2013:

15

16

17



18

19

20

21

22

23

24

25

26

27

28

1   This is merely a small sample of posts by Buffalo Arms Trading.  Buffalo Arms

2   Trading's Facebook page also includes a large number of graphic videos involving

3   violence, numerous photographs of various high powered firearms, among other

4   related pictures and videos.  Consumers who seek out Buffalo Arms' products for

5   their historical significance and may encounter these posts on Buffalo Arms

6   Trading's Facebook page and believe that these are posts from Buffalo Arms.  The

7   possibility that consumers could impute these views and posts of Buffalo Arms

8   Trading to Buffalo Arms could seriously and detrimentally harm Buffalo Arms and

9   its business.

10       26.   On August 26, 2014, Buffalo Arms, through counsel, sent a letter to

11   Buffalo Arms Trading notifying Buffalo Arms Trading of Buffalo Arms' extensive

12   use of the Marks and its rights therein and demanded that Buffalo Arms Trading

13   cease use of such a confusingly similar trademark.  This letter is attached as Exhibit

14   D.

15       27.   Buffalo Arms Trading ignored this letter until October 8, 2014, when the

16   parties had a telephone conference.  On this phone call Buffalo Arms Trading

17   refused to change its name and persisted in its infringing conduct.

18       28.    Buffalo Arms Trading's use of the Marks to sell its products, and as its

19   company name, domain name and social media pages, is likely to confuse a

20   significant and substantial amount of actual and potential customers of Buffalo

21   Arms as to the source of the goods and services provided by Buffalo Arms Trading

22   and is likely to induce customers into a false belief that Buffalo Arms has endorsed,

23   approved or is affiliated with Buffalo Arms Trading.

24       29.    Unless Buffalo Arms Trading ceases its unauthorized, infringing and

25   intentionally confusing use of Buffalo Arms' Marks Buffalo Arms will continue to

26   be harmed, and consumers will continue to rely upon these false and deceptive acts

27

28

1

## COUNT I

2

## TRADEMARK INFRINGEMENT OF A REGISTERED TRADEMARK

3       30.    Buffalo Arms repeats and realleges paragraphs 1 through 29 above by

4    reference as if fully set forth herein.

5       31.    Buffalo Arms has used the Registered Mark in commerce in connection

6    with its firearms products and services since 1990.  As a result of this long-standing

7    use in association with its high-quality products and service, consumers have come

8    to associate Buffalo Arms' professional services and products with the Marks.

9       32.    In recognition of the goodwill built up by Buffalo Arms as a high-quality

10   provider of firearms products and accessories, the United States Patent and

11   Trademark Office granted trademark registration number 2,348,765 – BUFFALO

12   ARMS CO. to Buffalo Arms for use in connection with mail order catalog services

13   featuring firearms and parts and accessories thereof and publications and videos.

14   This registration is valid and subsisting and has achieved incontestable status.

15      33.    Buffalo Arms Trading's acts as set forth above constitute intentional and

16   willful infringement of Buffalo Arms' rights in and to its Registered Mark, in

17   violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).

18      34.    By reason of Buffalo Arms Trading's acts set forth above, Buffalo Arms

19   has been injured in its business and property.  The injury to Buffalo Arms continues

20   to be immediate and irreparable.  An award of monetary damages alone cannot fully

21   compensate Buffalo Arms for its injuries and Buffalo Arms has no adequate remedy

22   at law.

23      35.    Buffalo Arms Trading's acts set forth have been deliberate, willful and

24   wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

25

## COUNT II

26

## TRADEMARK INFRINGEMENT

27      36.    Buffalo Arms repeats and realleges paragraphs 1 through 35 above by

28   reference as if fully set forth herein.

37.     Buffalo Arms has used the Marks in commerce in connection with its firearms products and services since 1990.  As a result of this long-standing use in association with its high-quality products and service, consumers have come to associate Buffalo Arms' professional services and products with the BUFFALO ARMS, BUFFALO ARMS CO., and Buffalo Arms Co. Logo trademarks:

38.     In recognition of the goodwill built up by Buffalo Arms as a high-quality provider of firearms products and accessories, the United States Patent and Trademark Office granted trademark registration number 2,348,765 – BUFFALO ARMS CO. to Buffalo Arms for use in connection with mail order catalog services featuring firearms and parts and accessories thereof and publications and videos. This registration is valid and subsisting and has achieved incontestable status.

39.     Buffalo Arms Trading's acts as set forth above constitute intentional and willful infringement of Buffalo Arms' rights in and to its Marks, in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).

40.     By reason of Buffalo Arms Trading's acts set forth above, Buffalo Arms has been injured in its business and property.  The injury to Buffalo Arms continues to be immediate and irreparable.  An award of monetary damages alone cannot fully compensate Buffalo Arms for its injuries and Buffalo Arms has no adequate remedy at law.

41.     Buffalo Arms Trading's acts set forth above have been deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT III

## UNFAIR COMPETITION UNDER THE LANHAM ACT

42.     Buffalo Arms repeats and realleges paragraphs 1 through 41 above by reference as if fully set forth herein.

43.     Buffalo Arms Trading's use of Buffalo Arms' Marks, including on its web site, social media pages, and in its www.buffaloarmstrading.com domain name, is

1    calculated and likely to cause confusion and deception.  The consuming public is

2    likely to believe that Buffalo Arms Trading is licensed, sponsored, authorized or is

3    in some way associated or connected with Buffalo Arms.

4       44.   Buffalo Arms Trading's acts set forth above constitute unfair competition

5    in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

6       45.   By reason of Buffalo Arms Trading's acts set forth above, Buffalo Arms

7    has been injured in its business and property.  The injury to Buffalo Arms continues

8    to be immediate and irreparable.  An award of monetary damages alone cannot fully

9    compensate Buffalo Arms for its injuries and Buffalo Arms has no adequate remedy

10    at law.

## COUNT IV

## UNFAIR COMPETITION UNDER CAL. BUS. PROF. CODE § 17200 *et seq.*

13       46.   Buffalo Arms repeats and realleges paragraphs 1 through 45 above by

14    reference as if fully set forth herein.

15       47.   Buffalo Arms Trading's use of Buffalo Arms' Marks is likely to cause

16    confusion or misunderstanding on the part of consumers as to the source,

17    sponsorship, affiliation, connection, association, certification or approval of Buffalo

18    Arms Trading's products.

19       48.   As a result of these aforesaid acts, Buffalo Arms Trading has been and is

20    engaged in unfair competition within the meaning of California Business and

21    Professions Code §§ 17200 *et seq.* and the common law.

22       49.   Upon information and belief, Buffalo Arms Trading has willfully engaged

23    in the above described acts in California and in this judicial district.

24       50.   By reason of Buffalo Arms Trading's acts set forth above, Buffalo Arms

25    has been severely injured in its business and property, including without limitation

26    suffering monetary loss.  The injury to Buffalo Arms is and continues to be

27    immediate and irreparable.   An award of monetary damages alone cannot fully

28    compensate Buffalo Arms for its injuries and Buffalo Arms lacks an adequate

1    remedy at law.

2                              **COUNT IV**

3                        **UNJUST ENRICHMENT**

4        51.    Buffalo Arms repeats and realleges paragraphs 1 through 50 above by

5    reference as if fully set forth herein.

6        52.    By virtue of the egregious and illegal acts of Buffalo Arms Trading as

7    described above, Buffalo Arms Trading has been unjustly enriched in an amount to

8    be proven at trial.

9        53.    Buffalo Arms Trading's retention of monies gained through its deceptive

10   business practices, infringement and otherwise would serve to unjustly enrich

11   Buffalo Arms Trading and would be contrary to the interests of justice.

12                        **PRAYER FOR RELIEF**

13           WHEREFORE, Buffalo Arms requests this Court to enter the following

14   relief for Buffalo Arms and against Buffalo Arms Trading and its officers, directors,

15   agents, representatives, and all persons acting or claiming to act on its behalf or

16   under its direction or authority, and all persons acting in concert or in participation

17   with Buffalo Arms Trading:

18       1.     An order preliminarily and permanently enjoining Buffalo Arms

19   Trading's use, in any manner whatsoever, of the Marks or any confusingly similar

20   mark, including phonetic equivalents;

21       2.     An order directing Buffalo Arms Trading to preliminarily and

22   permanently deactivate the www.buffaloarmstrading.com web site and all social

23   media pages identified by names incorporating the terms BUFFALO ARMS, and

24   transfer the domain name to Buffalo Arms;

25       3.     An order preliminarily and permanently enjoining the representation,

26   in any manner or by any method whatsoever, that Buffalo Arms Trading's goods or

27   services are sponsored, approved, authorized by Buffalo Arms, or from otherwise

28   taking any action likely to cause confusion, mistake or deception on the public as to

1  the origin, approval, sponsorship or certification of such goods or services;

2      4.      An order requiring Buffalo Arms Trading to deliver up to the Court

3  any and all advertisements, brochures, promotional items and the like in its

4  possession or control which violate any injunction granted herein;

5      5.      An order restraining and enjoining Buffalo Arms Trading from doing

6  and engaging in any of the acts described above and be directed to conform with

7  each and every provision of this prayer for relief;

8      6.      That Buffalo Arms have an accounting for damages and for all the

9  profits earned by Buffalo Arms Trading together with those profits lost by Buffalo

10  Arms due to the actions of Buffalo Arms Trading claimed of herein;

11      7.      That Buffalo Arms be awarded compensatory damages that it has

12  sustained as a result of Buffalo Arms Trading's conduct;

13      8.      That Buffalo Arms be awarded punitive damages against Buffalo

14  Arms Trading;

15      9.      That the damages against Buffalo Arms Trading be trebled pursuant to

16  15 U.S.C. § 1117;

17      10.     That Buffalo Arms be awarded all monies gained through its deceptive

18  business practices;

19      11.     That Buffalo Arms Trading pay Buffalo Arms' costs and

20  disbursements in pursuing this action, including its reasonable attorneys' fees; and

21      12.     That Buffalo Arms have such other and further relief as this Court may

22  deem appropriate.

23  Dated:     February 24, 2015

DRINKER BIDDLE & REATH LLP

24

25                                  By: /s/ Adam J. Thurston

26                                      Adam J. Thurston
                                        Attorneys for Plaintiff
27                                      GULLO ENTERPRISES, INC.

28

## JURY DEMAND

Buffalo Arms requests a trial by jury on all issues triable by jury.

Dated:    February 24, 2015                DRINKER BIDDLE & REATH LLP

By: /s/ Adam J. Thurston
        Adam J. Thurston

Attorneys for Plaintiff
GULLO ENTERPRISES, INC.

78651914.2