JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GULLO ENTERPRISES, INC., an Idaho corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BUFFALO ARMS TRADING LLC, a California limited liability company,<br><br>　　　　　Defendant. | Case No. 15-cv-01301 PA (MRWx)<br><br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

**WHEREAS,** plaintiff Gullo Enterprises, Inc. ("Plaintiff") has filed its complaint in the above-entitled action against Defendant Buffalo Arms Trading LLC ("Defendant") for trademark infringement, unfair competition, and unjust enrichment concerning Plaintiff's federally-registered and common law trademarks.

**WHEREAS,** in exchange for Plaintiff's dismissal of the remaining claims in this action and the other terms herein, Plaintiff and Defendant have stipulated to the entry of a judgment and permanent injunction against Defendant as set forth below.

**NOW, THEREFORE, IT IS HEREBY ORDERED, JUDGED, AND DECREED THAT:**

- 1 -

(1)     The court has jurisdiction over the subject matter of this action and jurisdiction over both the Plaintiff and Defendant.

(2)     Defendant waives the right to appeal from entry of this Consent Judgment and Permanent Injunction.

(3)     Plaintiff is a corporation organized under the laws of the State of Idaho, having its principal place of business at 660 Vermeer Court, Ponderay, Idaho 83852.

(4)     Defendant is a limited liability company organized under the laws of the State of California having its principal place of business at 3349 Shenandoah Ave., Simi Valley, California 93063.

(5)     Plaintiff is the owner of the federally-registered mark, BUFFALO ARMS CO., Registration No. 2,348,765 and the common law BUFFALO ARMS, BUFFALO ARMS CO. and the BUFFALO ARMS CO. Logo (as shown in the Complaint, Exhibit A) trademarks (collectively "Marks").

(6)     Plaintiff's Marks are valid, enforceable, and subsisting.

(7)     As a result of Plaintiff's extensive use of the Marks since 1990, the Marks have become well known to the firearms products and services industry and the purchasing public to be associated with Plaintiff.

(8)     Defendant's use of the name "Buffalo Arms Trading" in its company name, website and social media pages have infringed upon Plaintiff's Marks.

(9)     Defendant's use of the name "Buffalo Arms Trading" in connection with its promotion, distribution, and sale of firearm components and accessories have created, and continue to create, a likelihood of confusion, deception, and mistake as to the source or origin, sponsorship, affiliation, association or authorization of Defendant's goods vis-à-vis Plaintiff and as to the sponsorship, affiliation, and association between Defendant and Plaintiff, in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

- 2 -

(10)   As a direct and proximate result of Defendant's infringing activities as set forth above, Plaintiff has been irreparably harmed and damaged.  This harm includes, without limitation, injury to Plaintiff's goodwill and reputation.

(11)   The harm to Plaintiff resulting from the uses and activities of Defendant is irreparable, continuing, and not fully compensable by monetary damages.

(12)   Judgment is granted in favor of Plaintiff and against Defendant on Count I for infringement of the federally-registered mark, BUFFALO ARMS CO., Registration No. 2,348,765;

(13)   Judgment is granted in favor of Plaintiff and against Defendant on Count II for infringement of the common law BUFFALO ARMS and BUFFALO ARMS CO. trademarks;

(14)   Defendant is hereby permanently ordered and enjoined as follows:

(a) Defendant is enjoined from the use, in any manner whatsoever, of any of the Marks or any confusingly similar mark, including phonetic equivalents, whether as a business name, social media handle, email address, internet domain name, or otherwise.  This order includes but is not limited to use of the name "Buffalo Arms Trading."

(b) Defendant shall permanently deactivate the www.buffaloarmstrading.com website and all social media accounts identified by names incorporating the Marks or any confusingly similar mark and transfer the domain names to Plaintiff.

(c) Defendant is enjoined from representing in any manner or by any method whatsoever, that Defendant's goods or services are sponsored, approved, or authorized by Plaintiff, and from otherwise taking any action likely to cause confusion, mistake or deception on the public as to the origin, approval, sponsorship or affiliation of such goods or

services.

        (d) Defendant shall, within 10 days, deliver up to Plaintiff any and all advertisements, brochures, promotional items and goods in its possession or control which violate this injunction.

(15)    Each party shall bear its own attorneys' fees and costs.

(16)    This Court retains jurisdiction to construe, enforce, and implement this Order.

**IT IS SO ORDERED.**

Dated:  December 8, 2015_____

_____
Hon. Percy Anderson
United States District Court Judge

---